**BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3434
Email:   marcy.bergman@bryancave.com
   stephanie.blazewicz@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>            Plaintiff,<br><br>vs.<br><br>NEW ROCK SHOES, S.L.,<br><br>            Defendant. | Case No. CV-10-1569-SI<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

The parties hereto having agreed to a settlement of the claims between them, and having stipulated to entry of this consent judgment, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     This Court has jurisdiction over defendant New Rock Shoes, S.L. and over the subject matter at issue in this action. Defendant New Rock Shoes, S.L. consents to jurisdiction of this Court for the purpose of executing and enforcing this Consent Judgment and Permanent Injunction, and this Court retains jurisdiction for this purpose.

2.     AIRWAIR represents that it is the owner of the Dr. Martens® trade dress for footwear and is the owner of several U.S. registrations for its trade dress in the United States Patent and Trademark Office, including "the combination of yellow stitching in the

welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as Exhibit 1); the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as Exhibit 2); its DMS undersole design mark (Reg. No. 2,102,468, attached as Exhibit 3, the "DMS Design Mark"); "the design of a sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as Exhibit 4); and "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as Exhibit 5) (collectively "AIRWAIR Trade Dress Marks"). AIRWAIR contends that it has the exclusive right to use the AIRWAIR Trade Dress Marks in commerce, on or in connection with footwear.

3. NEW ROCK acknowledges the validity of the trademark registrations attached as Exhibits 1 – 5.

4. NEW ROCK has manufactured, marketed, distributed and sold boots and shoes that use the distinctive AIRWAIR Trade Dress, including the distinctive contrast welt stitching, two-tone grooved sole edge, black fabric heel tab, and undersole pattern, as shown in the "FORCE" and "DEFENDER" styles shown in attachments 6-11 (referred to collective as "NEW ROCK Infringing Footwear"). NEW ROCK represents and warrants that it sold in the United States eight (8) units of the NEW ROCK Infringing Footwear and that as of the date of this Agreement, a minimal number of units of the NEW ROCK Infringing Footwear remain in its inventory.

5. NEW ROCK represents and warrants that as of the date of this Agreement, it has discontinued manufacturing, licensing, distributing, purchasing or selling the FORCE and DEFENDER styles of NEW ROCK footwear in the United States and worldwide. NEW ROCK further represents and warrants that it has not manufactured, distributed, sold or offered for sale any other footwear styles that contain the contrast welt stitching, two-tone grooved sole edge, black fabric heel tab, or undersole pattern shown in Exhibits 1-5.

6. NEW ROCK agrees to pay AIRWAIR the sum of $10,000 by wire transfer

within five (5) business days of the date of execution of this Consent Judgment.

7. NEW ROCK, and each of its officers, directors, agents, servants, employees, subsidiaries, affiliates, predecessors, successors and/or other related companies, and persons in active concert or participation with NEW ROCK who receive actual notice of this order by personal service or otherwise, are permanently enjoined from manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting or offering for sale any footwear or any component part thereof that copies, imitates, or is confusingly similar to the AIRWAIR Trade Dress as illustrated in Exhibits 1 – 5 hereto, and any footwear with any of the AIRWAIR Trade Dress features of yellow welt stitching, two tone grooved sole edge, and/or the DMS undersole pattern.

8. All point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession of NEW ROCK bearing images, illustrations, or representations of the enjoined shoes and boots, trade dress and undersole patterns, and all plates, molds, matrixes, and other means of making the same, shall be delivered to AIRWAIR's counsel or destroyed within ten (10) business days.

9. NEW ROCK agrees to donate all remaining inventory of NEW ROCK Infringing Footwear to a charity designated by AIRWAIR within ten (10) business days. NEW ROCK will be solely responsible for all storage, transportation and other expenses allocated with the donation of the remaining inventory of NEW ROCK Infringing Footwear.

IT IS SO ORDERED.

DATED: _____, 2010

By: _____
The Honorable Susan Illston
Judge of the U.S. District Court

///

We hereby consent to entry of this Consent Judgment and Permanent Injunction:

Dated: July 13, 2010              **HENSON & COMPANY**

By: _____
Aida Tari
Attorneys for Defendant
NEW ROCK, S.L.

Dated: July 13, 2010              **BRYAN CAVE LLP**

By: _____
Marcy J. Bergman
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

C070820/0305296/19095.1

4